**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FELIPE MEZA-HERNANDEZ,

Defendant-Appellant.

No. 04-4295
(D.C. No. 2:04-CV-797-DAK)
(Utah)

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Felipe Meza-Hernandez, a federal prisoner appearing *pro se*, filed a motion

for a reduction of his sentence pursuant to 28 U.S.C. § 2255. The district court

refused to grant the motion or a certificate of appealability (COA). Because Mr.

Meza-Hernandez has not made a substantial showing of the denial of a

constitutional right, we deny a COA and dismiss the appeal.

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 332,

335-36 (2003). To be entitled to a COA, Mr. Meza-Hernandez must make "a

substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). To make the requisite showing, Mr. Meza-Hernandez must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In deciding whether Mr. Meza-Hernandez has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id*. at 338. Although Mr. Meza-Hernandez need not demonstrate that his appeal will succeed to be entitled to COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id*. (quotations omitted).

Mr. Meza-Hernandez pled guilty to illegal reentry in violation of 8 U.S.C. § 1326. Pursuant to the guidelines, his base level offense was eight. *See* U.S.S.G. § 2L1.2(a) (2003). Mr. Meza-Hernandez's offense level was enhanced sixteen levels due to the district court's finding that he was previously deported subsequent to a conviction for an aggravated felony. *Id*. § 2L1.2(b)(1)(A). The district court also applied a three level decrease because Mr. Meza-Hernandez accepted responsibility for his actions, yielding a total base offense level of twenty-one. *Id*. § 3E1.1. Based on that offense level and a criminal history category of IV, Mr. Meza-Hernandez's sentencing range was 57 to 71 months.

The district court sentenced him at the bottom of that range to 57 months imprisonment followed by 36 months of supervised release. Mr. Meza-Hernandez timely filed for habeas relief. The district court dismissed his petition and this appeal followed.

Mr. Meza-Hernandez first argues that his sentence was unconstitutional because it was enhanced based on a prior aggravated felony conviction that was not pled in his indictment. Mr. Meza-Hernandez's indictment charged him with one count of reentry by a previously removed felon in violation of 8 U.S.C. § 1326. If a defendant has a previous aggravated felony conviction, § 1326(b), which carries a maximum sentence of twenty years, applies. The district court determined § 1326(b) applied and enhanced Mr. Meza-Hernandez's sentence sixteen levels due to its finding that he had a prior felony drug trafficking conviction. Although an indictment must set forth each element of the crime it charges, the Supreme Court has explicitly held that the constitution does not require Congress to treat recidivism as an element of the offense. *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Therefore, the government's failure to plead Mr. Meza-Hernandez's drug trafficking conviction in his indictment does not constitute constitutional error.

Relying primarily on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004), Mr. Meza-Hernandez also argues

that the Federal Sentencing Guidelines are unconstitutional insofar as they allowed the district court to enhance his sentence based on prior convictions that were neither admitted nor proven to the jury. The Supreme Court's intervening decision in *United States v. Booker*, 125 S. Ct. 738 (2005), applying the rule of *Blakely* to the Federal Sentencing Guidelines, bears directly on Mr. Meza-Hernandez's argument. New rules of criminal procedure, however, are applied retroactively only to cases pending on direct review or cases that are not yet final. *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). Mr. Meza-Hernandez exhausted his direct appeal and his case was "final" prior to the Supreme Court's decisions in *Blakely* and *Booker*. *See id.* at 321 n.6 (a case is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied"). Thus, *Blakely* and the Supreme Court's more recent decision in *Booker* have no applicability to Mr. Meza-Hernandez's sentence. *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (*Blakely* is not retroactively applicable to a case in which conviction was final before *Blakely* was decided); *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002) (*Apprendi* is not retroactively applicable to initial habeas petitions).

Mr. Meza-Hernandez's final contention is that his attorney was constitutionally ineffective for failing to advise him of his right to attack his

sentence pursuant to 28 U.S.C. § 2255. In order to prevail on an ineffective assistance claim, a petitioner must demonstrate both that his attorney's performance was deficient and the deficiencies prejudiced his defense. *Strickland v. Washington*, 466 U.S 668, 687 (1984). A showing of prejudice requires a demonstration of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. As Mr. Meza-Hernandez has raised no meritorious § 2255 claim, his allegations are simply insufficient to meet the prejudice prong of *Strickland. See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (ruling that even *pro se* plaintiffs must allege sufficient facts on which a recognized legal claim can be based, and that conclusory allegations will not suffice).

For the foregoing reasons, we **DENY** Mr. Meza-Hernandez's application for a COA and dismiss the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge